Miami County Common Pleas Court
11/20/2023 04:04 PM
Shawn M. Peeples
Clerk of Courts

## COURT OF COMMON PLEAS
## CIVIL DIVISION
## MIAMI COUNTY, OHIO

DANIELLE GEPHART
1611 BROADWAY
PIQUA, OHIO 45356

      Plaintiff,

-vs.-

AMERICAN STRATEGIC INSURANCE
CORPORATION
1 ASI WAY
ST. PETERSBURG, FL 33702

      Defendant.

Case No: **23-469**

Judge: **JEANNINE N. PRATT, JUDGE**

**COMPLAINT WITH**
**JURY DEMAND**
**ENDORSED HEREON**

NOW COMES Plaintiff, Danielle Gephart, by and through undersigned counsel, and states for her Complaint against the named Defendant, as follows:

### I. The Parties

**1.** Plaintiff, Danielle Gephart ["Plaintiff"], is the owner of a property located 1611 Broadway, Piqua, Miami County, Ohio 45356, **["the subject property"]**.

**2.** Ther case arises, *inter alia,* from the failure of the Defendant, American Strategic Insurance ["Defendant"], to timely indemnify the Plaintiff, for covered property loss involving, *inter alia,* windstorm damage to the roof at the subject property.

**3.** Defendant is a foreign insurance company, which had issued a homeowners' insurance policy, which was, in full force and effect, at the time of the subject property loss.

Page 1 of 8

Defendant conducts substantial business within Miami County, Ohio. A copy of the policy is attached as Exhibit A.

## II. Jurisdiction and Venue

4. Jurisdiction is properly invoked in the Miami County Court of Common Pleas, as the Court has jurisdiction over actions for breach of insurance contract, and for bad faith, arising from a covered loss and for remediation and restoration services, in which the subject property is located in Miami County, Ohio.

5. Venue is proper in Miami County, Ohio, as the subject property is in Miami County, the material events of the subject property loss occurred in Miami County and the Defendant conducts substantial business within Miami County, Ohio.

## III. Statement of Facts

6. The subject property, located at 1611 Broadway, Piqua, Miami County, Ohio 45356, was (and still is) insured by an American Strategic Insurance Corporation insurance contract issued to the named insured, the Plaintiff.

7. On or about **April 1, 2023**, Plaintiff suffered a substantial covered loss to, *inter alia*, the roof on the subject property.

8. Plaintiff promptly notified Defendant of the occurrences and has satisfied all conditions precedent to pursue bona fide and valid property loss claims under the subject State Farm homeowners' insurance policy, which was, in full force and effect, on the date of the subject loss.

9. Plaintiff duly reported the loss and fully cooperated with the Defendant following the subject loss. Defendant failed to conduct a reasonable investigation of the loss.

**10.** As a result of the covered loss, there was substantial damage and/or destruction to the structure and/or contents and/or loss of use and/or additional damages at the subject property.

**11.** Defendant wrongfully denied the claim and/or certain portions of the claim and/or processed the claim in bad faith, and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff for the covered loss.

**12.** Plaintiff placed reasonable reliance in the Defendant that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for her property loss, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

**13.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Twelve (1-12), with the same force and effect, as if fully rewritten herein.

**14.** Plaintiff placed reasonable and justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the subject loss from the fallen tree and to adequately indemnify Plaintiff for the subject loss.

**15.** Defendant owed a duty of good faith and fair dealing to the Plaintiff in carrying out its duties under the subject insurance policy.

**16.** Defendant breached its duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

(a) failing to promptly and reasonably adjust and pay the Plaintiff's claims;

(b) failing to establish a reasonable justification for the denial of the Plaintiff's claims;

(c) taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claims;

(d) failing to properly inspect the site of the loss and to adequately and properly investigate the claims, with the wrongful intent to deny the Plaintiff's claims from their inception;

(e) failing to properly analyze the cause of the loss and/or the applicable coverage;

(f) failing to properly review the analysis contained in any reports related to the loss in its possession;

(g) failing to properly review the available evidence related to the loss;

(h) failing to perform a good faith analysis of the loss;

(i) failing to prepare a good faith estimate of damages caused by the loss;

(j) refusing Plaintiff's reasonable requests for information;

(k) failing to indemnify the Plaintiff for the subject loss and damages within a reasonable period of time;

(l) failing to properly train, supervise and/or instruct its adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject property;

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policy of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject structure, as provided for in the subject policy of insurance;

(q) acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

(r) engaging in other wrongful acts or omissions to be shown at trial on the merits.

**17.** As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendant, Plaintiff has sustained loss and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**18.** To the extent the conduct of the Defendant is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

**19.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Eighteen (1-18), with the same force and effect, as if fully rewritten herein.

**20.** As an insurer, Defendant, its management, and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

**21.** Defendant's wrongful failure to promptly and reasonably adjust the subject loss claims, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured, the Plaintiff.

22. As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

23. The conduct of the Defendant has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Danielle Gephart, by and through counsel, demands the following relief:

**A.** Judgment against Defendant, **American Strategic Insurance Corporation,** for the full value of all loss and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**B.** Judgment against Defendant, **American Strategic Insurance Corporation,** for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**C.** An award of reasonable attorney's fees and costs incurred in the prosecution of her action;

**D.** An award of pre-judgment interest; and

**E.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Johanna Hutchins*
Johanna Hutchins [0069759]
Trial Attorney for Plaintiff Danielle Gephart
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 130
(513) 721-5557 (FAX)
E-mail: jhutchins@maislinlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Johanna Hutchins*
Johanna Hutchins [0069759]
Trial Attorney for Plaintiff Danielle Gephart
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 130
(513) 721-5557 (FAX)
E-mail: jhutchins@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

Respectfully Submitted,

*/s/ Johanna Hutchins*
Johanna Hutchins [0069759]
Trial Attorney for Plaintiff Danielle Gephart
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 130
(513) 721-5557 (FAX)
E-mail: jhutchins@maislinlaw.com